# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID SAUL PUTZER,

    *Plaintiff*,

vs.

SHMUEL ATTAL, *et al.*

    *Defendants*.

2:13-cv-00165-APG-CWH

ORDER

    This prisoner civil rights action comes before the Court on the plaintiff's application (#1) to proceed *in forma pauperis* and his motion (#4) to raise his prison copy credit limit. The pauper application presents what appears to be an unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite*, *i.e.*, during the litigation. This Court has addressed the issue previously, however.

### Background

    On or about January 25, 2013, plaintiff David Putzer mailed the complaint and pauper application for filing, commencing this civil action. At the time, he was incarcerated at High Desert State Prison. He thereafter was released on parole, and he currently resides in Las Vegas, Nevada.

    Plaintiff's pauper application was submitted on a standard application form for an incarcerated person. The Court's application form for incarcerated persons contains, *inter*

*alia*, a number of express acknowledgments by the prisoner regarding his payment obligations under the PLRA, including an obligation to pay the filing fee following possible release.

### *Discussion*

Under 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Section 1915 contains provisions for payment of an initial partial filing fee followed by installment payments in cases where the prisoner is unable to pay the entire filing fee at the beginning of the civil action. Under § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." In this case, plaintiff falls within the reach of the above provisions, because he was a prisoner under the foregoing definition when he commenced this civil action.[1]

Federal circuit authority is split on the question of whether the PLRA prison litigation provisions of § 1915 continue to govern if and after the prisoner is released *pendente lite* (that is, during the litigation). The Fifth, Seventh and District of Columbia Circuits have held that the full payment requirement is triggered upon the filing of the (as applicable) complaint or notice of appeal. *See Gay v. Texas Department of Corrections*, 117 F.3d 240, 241-42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251-52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897-99 (7th Cir. 1997). Under these decisions, "[i]f a litigant is a prisoner on the day he files a civil action, the PLRA applies." *In re Smith*, 114 F.3d at 1251. The Second, Fourth, Sixth and Tenth Circuits have concluded to the contrary, that the requirements of the PLRA do not continue to apply after the plaintiff is released. *See Brown v. Eppler*, ___ F.3d ___,

---

[1] The Court need not consider whether plaintiff currently is a "prisoner" under § 1915(h) in connection with his current living arrangements. The record does not reflect whether plaintiff may be in a halfway house or similar facility. The Court bases its conclusion that plaintiff was a prisoner for purposes of § 1915(h) on the fact that he was in prison when the action was commenced. The Court therefore need not consider whether plaintiff's current residential arrangement also would render him a "prisoner" for purposes of the § 1915(h) definition.

2013 WL 3958371, slip op., at *7 n.7 (10th Cir., Aug. 2, 2013); *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2010); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); *McGann v. Commissioner, Social Security Administration*, 96 F.3d 28, 29-30 (2d Cir. 1996). Under these authorities, the plaintiff is not required to make any additional installment payments that remain due at the time of his release if he then otherwise is not able to make the payments under the standard pauper inquiry applicable to free persons. It does not appear that the Ninth Circuit has decided the issue to date.

The Court is persuaded by the conclusion reached on the issue by the Fifth, Seventh and District of Columbia Circuits. A decision to continue to apply the PLRA to the case does the least violence to the clear and straightforward Congressional command in § 1915(b)(1) that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."

The Court is not persuaded by the two principal rationales advanced by the other circuits that have reached a contrary conclusion. The other circuits rely, first, upon the difficulty in or impossibility of continuing to apply the particularized initial partial payment and installment payment provisions of §1915(a) and (b), given that there no longer will be an existing institutional inmate account upon which to base the payment calculation and from which to draw payments. See *DeBlasio*, 315 F.3d at 399; *In re Prison Litigation Reform Act*, 105 F.3d at 1138-39; *McGann*, 96 F.3d at 29-30. However, it was established law in the Ninth Circuit even prior to the PLRA that district courts possessed authority under the non-PLRA-related provisions of § 1915 to require partial and/or installment payments. *See, e.g., Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (installments were approved as to the first appellant). Nothing in the PLRA reflects an intent to abrogate the preexisting general authority of courts to require partial and/or installment payments under § 1915.[2] Moreover,

---

[2] The circuit opinions arguably create a false dichotomy in suggesting that the only alternatives are immediate full payment of the remainder of the filing fee and full forgiveness of the remainder of the fee upon release. *Cf. In re Prison Litigation Reform Act*, 105 F.3d at 1138-39; *McGann*, 96 F.3d at 29-30 ("Indeed, if the payment obligation continued after release, the released prisoner, lacking a prison account from which partial payments could be debited, would have to pay the entire balance of the fee in a single payment, a

the amount of the initial partial payment and installment payments may be determined either from the plaintiff's prior inmate account balance[3] and/or based upon the plaintiff's post-release assets and income. Ultimately, the fact that a different, but preexisting, method of enforcing the full-payment requirement of the statute must be utilized does not justify disregarding the Congressional command as to what is required. That is, the difference in how the requirement is satisfied does not change what is required: full payment of the filing fee as funds are available.

The Second Circuit further maintains that discontinuing application of the PLRA after a prisoner's release is not inconsistent with the Congressional purpose of deterring prisoner suits with the fee-payment requirement. That court notes that plaintiffs in any event "could simply wait until release and then file lawsuits" without having to satisfy the PLRA fee payment requirements. The court suggests that, accordingly, the PLRA fee-payment requirement can have only a minimal deterrent effect in this context. *See McGann*, 96 F.3d at 30. However, while some plaintiffs may be able to delay filing, others will not, whether due to statute of limitation concerns or other reasons. It is not the role of the judiciary to disregard a statutorily-imposed requirement because a plaintiff perhaps might be able to avoid the requirement by proceeding differently or at a different time.

The Court accordingly will follow the decisions in the Fifth, Seventh and District of Columbia Circuits, and will require the ultimate full payment of the filing fee in this case, due to the fact that plaintiff was a prisoner when this action was commenced.[4] *Accord Johnson*

---

result that would be more onerous than that imposed on those who remain incarcerated. It is not likely that Congress intended such a result."). In the Ninth Circuit at least, the district court retains the discretion to order installment payments even without the specific statutory payment mechanisms otherwise applicable when the plaintiff is incarcerated. There is no "all-or-nothing" dichotomy within the Ninth Circuit.

[3] *Cf. In re Smith*, 114 F.3d at 1251-52 (reconstructing status of prisoner accounts at time of filing); *Robbins*, 104 F.3d at 898 (similar).

[4] The Court notes in passing that plaintiff acknowledged in paragraph 2(c) of the financial certificate: "I must continue to make installment payments until the $350.00 filing fee is fully paid, without regard to whether my action is closed or my release from confinement."

1  *v. Clark County Detention* Center, 2:07-cv-00769-PMP-PAL, #7 (D. Nev. Jan. 24, 2008); *Gay*,
2  117 F.3d at 241-42 & n.3; *In re Smith*, 114 F.3d at 1251-52; *Robbins*, 104 F.3d at 898-99;
3  *McGann*, 96 F.3d at 30-31 (Miner, J., dissenting).

4      In this case, the Court will defer action on the pending pauper application and will direct
5  plaintiff to submit a CJA 23 financial affidavit form stating his current income, assets and
6  expenses. The Court thereafter potentially will establish an installment payment schedule for
7  payment of the full $350.00 filing fee. The Court will require the payment of installment
8  payments as funds are available, with further sworn financial updates if and as necessary until
9  the $350.00 filing fee is paid in full. *Cf. Olivares, supra*.

10      However, as the preceding discussion reflects, plaintiff may be able to avoid the PLRA
11  fee-payment requirement as a practical matter by dismissing the present action without
12  prejudice and refiling a new action as a non-prisoner if he so qualifies when he files the new
13  action. The Court notes that a two-year statute of limitations applies to federal civil rights
14  actions arising out of Nevada, and the circumstances in the complaint allegedly occurred in
15  April and May of 2012. The decision whether to dismiss the present action without prejudice
16  is plaintiff's decision. If the present prisoner-filed action is pursued, however, the full $350.00
17  filing fee ultimately must be paid by plaintiff.

18      Plaintiff's motion to raise his copy credit limit at the institution will be denied as moot.

19      **IT THEREFORE IS ORDERED** that plaintiff shall have 21 days within which to file an
20  executed CJA 23 financial affidavit. The action will be dismissed without prejudice if plaintiff
21  does not timely do so.

22      **IT FURTHER IS ORDERED** that plaintiff's motion (#4) to raise his prison copy credit
23  limit is DENIED as moot.
24  / / / /
25  / / / /
26  / / / /
27  / / / /
28

The Clerk of Court shall send plaintiff two copies each of a CJA 23 financial affidavit form, a complaint form, a non-prisoner pauper form, and the complaint filed herein.

DATED: August 23, 2013.

_____
ANDREW P. GORDON
United States District Judge