# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID SAUL PUTZER,            )
                               Plaintiff,   )   Case No. 2:13-cv-00165-APG-CWH
vs.                          )   **ORDER**
SHMUEL ATTAL, *et al.*,       )
                              Defendants.  )

This matter is before the Court on Plaintiff's Notice of Appeal (doc. # 62), filed August 12, 2014, which this Court construes as a motion to reconsider its prior order denying Plaintiff's emergency motion for appointment of counsel.

## BACKGROUND

This is Plaintiff's second request for appointment of counsel, with the Court denying Plaintiff's prior request on August 8, 2014. See Doc. # 51. Plaintiff, formerly an inmate in the custody of the Nevada Department of Corrections at Southern Desert State Prison, was released on parole sometime in July 2013 and currently resides in Las Vegas, Nevada. See Docs. # 3, 9, 18, 22, 25, 47. On September 30, 2013, Plaintiff was granted leave to proceed in forma pauperis subject to an obligation to pay the filing fee of $350 upon funds being available. See Doc. # 13; see also Doc. # 10. On January 30, 2014, the Court entered a screening order finding that Plaintiff had pled facts sufficient to support various claims arising from his allegation that he did not receive Kosher meals while detained at the Clark County Detention Center in April 2012. See Doc. # 19. In the instant motion, Plaintiff makes his second request that the Court appoint counsel to represent him. Plaintiff asserts he is entitled to a court-appointed attorney because he is unable to comply with discovery requests and suffers physical pain.

**DISCUSSION**

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates: (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. The court has considerable discretion in making these findings.

As with Plaintiff's prior request, the Court finds that the exceptional circumstances necessary to justify appointment of counsel are not present. The fact that Plaintiff suffers from physical pain is not an adequate basis for appointment of counsel. Additionally, Plaintiff has thus far demonstrated his ability to articulate his claims and the legal issues are not complex. So long as a pro se litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist. Wilborn, 789 F.2d at 1331 (emphasis added).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Notice of Appeal (doc. # 62), construed as a motion to reconsider the Court's prior order denying Plaintiff's emergency motion for appointment of counsel, is **denied**. Plaintiff may appeal this order to the presiding district judge in the instant case.

DATED: October 15, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge