**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID SAUL PUTZER, | Case No. 2:13-CV-00165-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| SHMUEL ATTAL, *et al.*, | (Dkt. #44, #45, #70) |
| Defendants. | |

Plaintiff David Saul Putzer is an inmate at Southern Desert Correctional Center who alleges Defendants violated his constitutional rights while he was a detainee at the Clark County Detention Center ("CCDC"). Putzer's claims revolve around four allegations: (1) Defendants failed to provide kosher meals at Passover; (2) Defendants denied kosher meals to Putzer from May 15, 2012 through June 1, 2012; (3) Defendants placed Putzer in a super max cell in retaliation for filing a grievance; and (4) Defendants have a grievance procedure which may require a detainee to hand a grievance to the person about whom the detainee is complaining.

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Randal Brown, Officer Camp, Officer Curry, Gary L. Driscoll, Sgt. Fucile, Lt. Getler, Sheriff Doug C. Gillespie, Bonnie Polly, Officer Reynosa, Officer Taitano, Officer Taylor, and Officer Thomas (collectively, the "LVMPD Defendants") move for summary judgment. The LVMPD Defendants argue Putzer failed to respond to requests for admissions, and Putzer therefore has admitted he has no basis to assert policy or practice claims against LVMPD. The LVMPD Defendants also contend Putzer's claims against the individual Defendants in their official capacities are the same as claims against LVMPD, and thus the LVMPD Defendants are entitled to summary judgment on Putzer's official capacity claims as well. By separate motion, Defendant Gillespie moves for judgment on the pleadings arguing Putzer failed to allege that Gillespie personally participated in the violations. Putzer responds to both of these motions by arguing the proceedings are unfair

because he is not an attorney, he cannot afford counsel, and the Magistrate Judge denied his prior request for appointment of counsel.

The LVMPD Defendants also separately move for summary judgment on the merits, asserting that no genuine issue of material fact remains that they did not violate any of Putzer's constitutional rights. The LVMPD Defendants contend Putzer failed to respond to their requests for admissions, and he therefore admitted he has no viable claims. Putzer did not respond to this motion.

**I. Background**

I previously screened Putzer's Amended Complaint (Dkt. #16) pursuant to 28 U.S.C. § 1915A(a). The following claims remain pending against the LVMPD Defendants:

1. First Amendment and Religious Land Use and Institutional Persons Act of 2000 ("RLUIPA") violations for failure to implement a policy to provide kosher meals for Passover against Polley, Randal Brown, Camp, Curry, Gillespie, Getler, Driscoll and LVMPD;

2. First Amendment and RLUIPA violations for failure to provide Putzer kosher meals for two weeks in May to June 2012 against Getler, Polley, Thomas, Driscoll, Taylor, Taitano, and Randal Brown;

3. First Amendment retaliation for denying Putzer kosher meals in May to June 2012 in retaliation for filing grievances against Polley, Getler, Driscoll, Randal Brown, and Thomas;

4. Equal Protection violation for failing to provide kosher meals for Passover when persons practicing other religions were provided greater accommodations than Jewish prisoners against Gillespie, Driscoll, Getler, Camp, Curry, Polley, Randal Brown, and LVMPD;

5. Equal Protection violation for retaliating against Putzer by not providing him kosher meals for two weeks in May to June 2012 against Getler, Randal Brown, Polley, Thomas, and Driscoll;

6. First Amendment retaliation and denial of access to the courts for placing Putzer in a super max cell in retaliation for filing grievances against Taylor and Taitano; and

7. Denial of access to the courts for failure to implement an effective grievance procedure against Taylor, Taitano, Gillespie, Getler, Camp, Reynosa, Fucile, and LVMPD. (Dkt. #15 at 4-11.)

Putzer brings these claims under 42 U.S.C. § 1983 against the LVMPD Defendants in their official and individual capacities. (Dkt. #16 at 5-11.)

## II. LVMPD Defendants' Motions for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views all evidence and inferences which may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. LVMPD

As an entity, LVMPD cannot be liable for its employees' conduct under the theory of respondeat superior. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y.C. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Rather, a governmental entity is liable under § 1983 when "execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. A suit for damages against an entity's officers and employees in their

official capacities is the same as a suit against the entity. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

During discovery, the LVMPD Defendants served requests for admissions on Putzer, to which Putzer did not respond. (Dkt. #70-1.) Pursuant to Federal Rule of Civil Procedure 36(a)(3) and (b), Putzer is deemed to admit that he was not denied any federal right as a result of any LVMPD policy or custom. (Dkt. #70-1 at 7.) Putzer has made no effort to deny, withdraw, or amend this admission. Putzer did not substantively respond to either summary judgment motion.[1] Consequently, he does not point to evidence that a policy or custom of LVMPD violated any of his federal rights. I therefore grant summary judgment in LVMPD's favor on all of Putzer's claims. Additionally, I grant summary judgment in favor of the other LVMPD Defendants in their official capacities on all of Putzer's claims to the extent Putzer seeks damages.

### C. Claims Related to Kosher Meals - Counts One Through Seven

Counts one through seven of the Amended Complaint rely on Putzer's allegations that the LVMPD Defendants denied all Jewish detainees at CCDC kosher meals for Passover or that the LVMPD Defendants denied Putzer kosher meals in May to June 2012. However, because Putzer did not respond to the LVMPD Defendants' requests for admissions, Putzer is deemed to admit that he received kosher meals while detained at CCDC, and he was able to follow the tenets and practices of his religion with respect to Passover while detained at CCDC. (*See, e.g.*, Dkt. #70-1 at 3-4, 6-7.) Putzer has made no effort to deny, withdraw, or amend these admissions. Putzer did not respond to the summary judgment motion. Consequently, he does not point to evidence that the LVMPD Defendants denied him or other Jewish prisoners kosher meals. I therefore grant the LVMPD Defendants' summary judgment motion for counts one through seven.

### D. First Amendment Retaliation/Right of Access to the Courts - Counts Eight & Nine

---

[1] Putzer's only response has been to request appointment of counsel to assist him in pursuing his civil claims. As explained in a separate Order regarding the Commissioner Defendants' motions to dismiss and for summary judgment, the Magistrate Judge's decision to deny appointing counsel was not clearly erroneous or contrary to law, and I would reach the same conclusion on de novo review.

Putzer's eighth and ninth claims allege Putzer had to hand his grievances to the same officers he was filing grievances against, and Taylor and Taitano moved Putzer to a super max cell in retaliation for Putzer filing grievances against Taylor. (Dkt. #15 at 9-11.) The LVMPD Defendants did not move for summary judgment on Putzer's claim that he was denied access to the courts by having to hand his grievances to the officer he was complaining about. This claim therefore remains pending against Taylor, Taitano, Gillespie, Getler, Camp, Reynosa, and Fucile.

However, the LVMPD Defendants move for summary judgment on Putzer's claim that Taylor and Taitano retaliated against Putzer for filing grievances. Putzer failed to respond to the LVMPD Defendants' requests for admissions, so Putzer is deemed to admit that Taylor and Taitano did not retaliate against Putzer for submitting written grievances and that Taylor and Taitano did not take any adverse action against Putzer. (Dkt. #70-1 at 19-20, 37-38.) Putzer has made no effort to deny, withdraw, or amend these admissions. Putzer did not respond to the summary judgment motion. Because there is no admissible evidence of an adverse action, Putzer has no claim for First Amendment retaliation. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (listing elements of First Amendment retaliation claim to include that the defendants took adverse action against the plaintiff). I therefore grant the LVMPD Defendants' summary judgment motion for Putzer's First Amendment retaliation claim against Taylor and Taitano.

### III. Gillespie's Motion for Judgment on the Pleadings

The only remaining claim against Defendant Gillespie is Putzer's claim regarding denial of access to the courts. Defendant Gillespie moves for judgment on the pleadings, arguing Putzer fails to allege Gillespie communicated with Putzer about any of Putzer's grievances at CCDC. Gillespie thus argues he is entitled to judgment on the pleadings because there are no allegations in the Amended Complaint that he personally participated in the alleged violation. Putzer did not substantively respond to this motion.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City*

1  *of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).  Because Putzer is pro se, I construe his pleadings
2  liberally and afford him "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.
3  2010) (quotation omitted).

4        For a supervisor to be liable under § 1983, he must personally participate in the alleged
5  violation because "there is no respondeat superior liability under § 1983." *Ewing v. City of*
6  *Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisory official may personally participate,
7  and thereby be liable in his individual capacity, "for his own culpable action or inaction in the
8  training, supervision, or control of his subordinates, for his acquiescence in the constitutional
9  deprivations of which the complaint is made, or for conduct that showed a reckless or callous
10 indifference to the rights of others." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d
11 1175, 1183 (9th Cir. 2007) (quotation omitted).

12       Prisoners have rights of access to the courts and to petition the government for redress of
13 their grievances. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  This includes the
14 right to file prison grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  Prison
15 officials may not "erect[] barriers" impeding prisoners' right of access. *Silva*, 658 F.3d at 1102.

16       As I stated in the screening order, Putzer's right of access claim is based on allegations
17 that "he had to hand his grievances to the same officers he was filing complaints about." (Dkt.
18 #15 at 10.)  Putzer alleges CCDC "has a grievance box, but does not allow inmates to use it . . .
19 because they do not have a grievance coordinator or proper grievance system." (Dkt. #16 at 74.)
20 According to the Amended Complaint, this policy compelled Putzer to hand Taylor his grievance.
21 (*Id.*)  Putzer alleges Gillespie has "overall command" at CCDC, Putzer complained to Gillespie
22 but received no response, and Gillespie endorsed Taylor's conduct. (*Id.* at 75, 81-84.)

23       Taking these allegations as true, drawing all reasonable inferences therefrom in the light
24 most favorable to Putzer, and liberally construing his pro se pleadings, Putzer has alleged
25 Gillespie personally participated in the alleged constitutional deprivation.  Putzer alleges he
26 complained to Gillespie and Gillespie did not respond.  Construing these allegations liberally,
27 Putzer has alleged Gillespie knew of and acquiesced in the grievance procedure, or lack thereof,
28

which required Putzer to hand his complaint to Taylor. I therefore deny Gillespie's motion for judgment on the pleadings for this claim in his individual capacity.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment (Dkt. #44) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Partial Judgment on the Pleadings (Dkt. #45) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Dkt. #70) is hereby GRANTED.

DATED this 26th day of January, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE