**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID SAUL PUTZER, | Case No. 2:13-CV-00165-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| SHMUEL ATTAL, *et al.*, | (Dkt. #19, #55, #67, #69) |
| Defendants. | |

  Plaintiff David Saul Putzer is an inmate at Southern Desert Correctional Center who alleges defendants violated his constitutional rights while he was a detainee at the Clark County Detention Center ("CCDC"). Defendants Susan Brager, Larry Brown, Tom Collins, Chris Guinchigliani, Mary Beth Scow, Steve Sisolak, and Lawrence Weekly (the "Commissioner Defendants") move to dismiss and for summary judgment on Putzer's claims against them. The Commissioner Defendants argue they have no statutory responsibility for operation of CCDC as members of the Board of Clark County Commissioners, and thus they cannot be liable for any of Putzer's claims arising out of alleged constitutional violations at CCDC. The Commissioner Defendants additionally contend they cannot be liable in their individual capacities because they can act only through the Board as a whole. The Commissioner Defendants also argue Putzer did not respond to requests for admissions propounded on him, and he therefore has admitted facts fatal to his claims.

  Putzer responds to the motion to dismiss by arguing the Commissioner Defendants are statutorily required to inquire about the security and condition of the prisoners, and thus they are responsible for constitutional violations at CCDC. Putzer responds to the summary judgment motion by arguing the proceedings are unfair because he is not an attorney, he cannot afford counsel, and the Magistrate Judge denied his prior request for appointment of counsel. Putzer objects to the Magistrate Judge's rulings at the October 6, 2014 hearing (Dkt. #64) on these same grounds.

## I. Background

I previously screened Putzer's Amended Complaint (Dkt. #16) pursuant to 28 U.S.C. § 1915A(a). (Dkt. #15.) The following claims remain pending against the Commissioner Defendants: (1) First Amendment and Religious Land Use and Institutional Persons Act of 2000 ("RLUIPA") violations for failure to implement a policy to provide kosher meals for Passover (counts one and two); (2) Equal Protection violation for failing to provide kosher meals for Passover when persons practicing other religions were provided greater accommodations than Jewish prisoners (count six); and (3) denial of access to the courts for failure to implement an effective grievance procedure (count nine). Putzer brings these claims under 42 U.S.C. § 1983 against the Commissioner Defendants in their official and individual capacities. (Dkt. #16 at 4-6, 8-11.)

## II. Motion to Dismiss and Motion for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views all evidence and inferences which may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

1  In his Amended Complaint, Putzer alleges the Commissioner Defendants were final
2 policy makers who both failed to implement policies at CCDC regarding kosher meals at
3 Passover and failed to implement a proper grievance procedure. Putzer alleges that the absence
4 of these policies led to the deprivation of his rights. (Dkt. #16 at 4-11, 14, 22, 25, 27-28, 62-63,
5 74, 85, 94.) The Commissioner Defendants move to dismiss and for summary judgment on the
6 basis that they have no responsibility over conditions of confinement at CCDC. According to the
7 Commissioner Defendants, operation of the jail is statutorily entrusted to the sheriff and to the
8 Las Vegas Metropolitan Police Department, and Putzer therefore must pursue his claims against
9 those parties.[1] In his opposition to the motion to dismiss, Putzer contends the board has a duty of
10 inquiry into the treatment and condition of the prisoners that establishes a duty on the board's
11 part, and the board knew or should have known of violations at CCDC but did nothing to remedy
12 the situation. Putzer thus contends the Commissioner Defendants had a policy of omission that
13 was deliberately indifferent to his constitutional rights.
14  To establish § 1983 liability, a plaintiff must show the defendants acted under color of
15 state law and "caused the deprivation of a federal right." *OSU Student Alliance v. Ray*, 699 F.3d
16 1053, 1061 (9th Cir. 2012) (quotation omitted). "[T]here is no respondeat superior liability under
17 section 1983," and thus the plaintiff must show the defendant personally participated in the
18 alleged rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The question
19 here is whether the Commissioner Defendants have responsibility for setting policy at CCDC
20 such that their alleged failure to do so amounts to personal participation in the deprivation of
21 Putzer's constitutional rights.
22  The sheriff is charged with directly managing and operating county jails in Nevada. "The
23 sheriff is the custodian of the jail in his or her county, and of the prisoners therein, and shall keep
24 the jail personally, or by his or her deputy, or by a jailer or jailers appointed by the sheriff for that
25 purpose, for whose acts the sheriff is responsible." Nev.Rev.Stat. § 211.030; *see also id.*

---

[1] Putzer has named the sheriff and the Las Vegas Metropolitan Police Department as defendants in this action.

§ 248.050 ("The sheriff of each county shall have the custody of the jail of his or her county and the prisoners in the same, and shall appoint the keeper thereof, for whose conduct the sheriff shall be responsible, and whom the sheriff may remove at pleasure."). As custodian of the jail and the prisoners therein, the sheriff "has charge and control over all prisoners committed to his or her care." *Id.* § 211.140(1). The sheriff is responsible for the "conditions of confinement," including "a prisoner's access to the law library, privileges regarding visitation and the use of the telephone, the type of meals provided to the prisoner and the provision of medical care in situations which are not emergencies." *Id.* § 211.140(2).

In contrast, the board of county commissioners has limited authority over the conditions of confinement for prisoners in the county jail. The board:

> 1. Is responsible for building, inspecting and repairing any county or branch county jail located in its county.
> 2. Once every 3 months, shall inquire into the security of the jail and the treatment and condition of the prisoners.
> 3. Shall take all necessary precautions against escape, sickness or infection.

*Id.* § 211.020.

This Court twice has addressed whether § 211.020(2)'s inquiry provision creates a sufficient basis to hold county commissioners liable for injuries sustained by inmates at a county jail. In *Donaghe v. Cnty. of Washoe*, the plaintiff alleged he was sexually assaulted while an inmate in the Washoe County jail. No. CV-R-82-337-BRT, 1983 WL 1205, at *1 (D. Nev. Apr. 11, 1983). This Court ruled that § 211.020 "does not impose upon [county commissioners] the burden of supervising the jail, injecting themselves into jail administration, or other such day-to-day activities which would place themselves in a position of responsibility for jail management." *Id.* The Court concluded that § 211.020 imposed a duty to the public generally, not to any particular detainee at the jail, and thus the commissioners owed no duty and any breach of duty would not have proximately caused the prisoner's injuries. *Id.*

In a different case two years later, also arising out of an alleged sexual assault of an inmate at the Washoe County jail, the Court held that the inquiry duty in § 211.020 combined with allegations that county commissioners knew about prior sexual assaults at the jail may

Page 4 of 7

support a § 1983 claim. *Warner v. Washoe Cnty.*, 620 F. Supp. 59, 59-61 (D. Nev. 1985). This Court held that the commissioners, "by virtue of both NRS § 211.020 and their alleged knowledge of prior sexual assaults, may have a custodial relationship with respect to the prisoners of Washoe County Jail." *Id.* at 61. The Court thus found "a triable issue as to whether the Commissioners['] lack of inquiry, as mandated by statute, created a foreseeable risk of [the plaintiff's] alleged assault." *Id.*

Putzer's claims against the Commissioner Defendants fail even under the broader *Warner* analysis because Putzer provided no facts indicating the Commissioner Defendants were aware of the alleged constitutional deprivations. Putzer does not properly allege the Commissioner Defendants either knew about a lack of kosher meals for Passover or knew the grievance procedure required inmates to hand their grievances to the same officers the inmates were filing complaints against. Additionally, in response to the Commissioner Defendants' summary judgment motion on these same grounds, Putzer presents no evidence raising a genuine issue of material fact that the Commissioner Defendants knew of prior incidents regarding Passover or of a deficient grievance procedure. Putzer therefore has failed to allege sufficient facts and failed to present evidence raising a genuine issue of material fact in support of his claim. I therefore grant the Commissioner Defendants' motion for summary judgment.

### III. Request for Appointment of Counsel

In response to the Commissioner Defendants' summary judgment motion, Putzer contends the Court should appoint him an attorney to pursue his civil claims for violations of his constitutional rights. Putzer contends he is at an unfair disadvantage because he is not an attorney and cannot afford one. Putzer also objects on these same grounds to the Magistrate Judge's rulings from the October 6, 2014, hearing.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel lies within the Court's discretion. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist to support appointing counsel, the Court evaluates "the likelihood

of the plaintiff's success on the merits," and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Magistrate Judge previously denied Putzer's motion for appointment of counsel, noting that Putzer's inability to retain counsel and his physical pain did not support appointing counsel. (Dkt. #51 at 2.) Additionally, the Magistrate Judge found that Putzer "has thus far demonstrated his ability to articulate his claims pro se and the legal issues are not complex." (*Id.*)

The Magistrate Judge's decision to deny appointment of counsel was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge identified and applied the correct legal standard. The Magistrate Judge's findings regarding Putzer's ability to articulate his claims and the complexity of the legal issues are not clearly erroneous. Putzer was able to state his claims in a lengthy Amended Complaint and many of his claims survived screening. When Putzer has chosen to respond substantively to Defendants' motions, he has been able to develop his claims and arguments. The legal issues in this § 1983 action are not particularly complex. I therefore overrule Putzer's objections to the Magistrate Judge's October 6, 2014 rulings. Even if I reviewed the question de novo, I would deny appointment of counsel for the same reasons.

**IV. Conclusion**

IT IS THEREFORE ORDERED that the Motion to Dismiss Plaintiff's Amended Complaint by Defendants Clark County Commissioners Susan Brager, Larry Brown, Tom Collins, Chris Guinchigliani, Mary Beth Scow, Steve Sisolak, and Lawrence Weekly (Doc. #19) is hereby DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Summary Judgment by Defendants Clark County Commissioners Susan Brager, Larry Brown, Tom Collins, Chris Guinchigliani, Mary Beth Scow, Steve Sisolak, and Lawrence Weekly (Doc. #55) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Objections (Doc. #67) are hereby OVERRULED.

IT IS FURTHER ORDERED that the Clark County Commissioner Defendants' Request for Ruling (Doc. #69) is hereby GRANTED.

DATED this 26th day of January, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE