**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAVID SAUL PUTZER, | Case No. 2:13-CV-00165-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| SHMUEL ATTAL, *et al.*, | (Dkt. #85) |
| Defendants. | |

Plaintiff David Saul Putzer is an inmate at Southern Desert Correctional Center who alleges Defendants violated his constitutional rights while he was a detainee at the Clark County Detention Center ("CCDC"). Putzer's claims revolve around four allegations: (1) Defendants failed to provide kosher meals at Passover; (2) Defendants denied kosher meals to Putzer from May 15, 2012 through June 1, 2012; (3) Defendants placed Putzer in a super max cell in retaliation for filing a grievance; and (4) Defendants have a grievance procedure which may require a detainee to hand a grievance to the person about whom the detainee is complaining. I previously granted summary judgment in favor of all defendants on all claims except for Putzer's claim related to the grievance procedure. (Dkt. #83, #84.)

Putzer's remaining claim is for First Amendment denial of access to the courts for failure to implement an effective grievance procedure; it is asserted against Taylor, Taitano, Gillespie, Getler, Camp, Reynosa, Fucile, and LVMPD. (Dkt. #15 at 4-11; Dkt. #83 at 3, 5-7.) This remaining claim alleges Putzer had to hand his grievances to the same officers he was filing grievances against. Putzer also alleges defendant Gillespie knew of and acquiesced in the grievance procedure, or lack thereof, that required Putzer to hand his grievance to the officer about whom he was complaining.

Defendants Las Vegas Metropolitan Police Department, Brown, Camp, Curry, Driscoll, Fucile, Getler, Sheriff Gillespie, Polly, Reynosa, Taitano, Taylor, and Thomas (the "LVMPD

1 defendants") move for summary judgment on this remaining claim. The LVMPD Defendants
2 argue there was no policy requiring a detainee to hand his grievance to the officer about whom he
3 was complaining. The LVMPD Defendants also argue there is no evidence any of them retaliated
4 against Putzer for filing grievances. Finally, they argue there is no evidence Sheriff Gillespie was
5 aware of any of Putzer's grievances or that he ratified any officer's unconstitutional behavior.
6 Putzer did not respond to this motion.

7 Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories
8 and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact
9 and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is
10 material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty
11 Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a
12 reasonable jury could return a verdict for the nonmoving party." *Id.*

13 The party seeking summary judgment bears the initial burden of informing the court of the
14 basis for its motion, and identifying those portions of the record that demonstrate the absence of a
15 genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden
16 then shifts to the non-moving party to go beyond the pleadings and set forth specific facts
17 demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato
18 Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views all evidence and inferences which
19 may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins.
20 Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

21 Prisoners have rights of access to the courts and to petition the government for redress of
22 their grievances. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). This includes the
23 right to file prison grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Prison
24 officials may not "erect[] barriers" impeding prisoners' right of access. *Silva*, 658 F.3d at 1102.

25 The LVMPD Defendants have presented evidence that Putzer did not have to hand his
26 grievance to the officer about whom he was complaining. (Dkt. #86 at 5-6, 22-24, 33.) They also
27 present evidence that they did not retaliate against Putzer for filing grievances. (Dkt. #86 at 6-7,
28

1   24, 34-35, 42.)  Finally, they point to an absence of evidence that Gillespie was aware of any of
2   Putzer's grievances.  Putzer did not respond to the summary judgment motion.  He therefore has
3   not identified any evidence raising an issue of fact that he had to submit his grievances to the
4   officers about whom he was complaining, that any of the LVMPD Defendants retaliated against
5   him for filing grievances, or that Gillespie knew of or ratified a subordinate's unconstitutional
6   behavior in relation to the grievance policy.  I therefore grant the LVMPD Defendants' motion
7   for summary judgment on Putzer's remaining claim.

8       IT IS THEREFORE ORDERED that the LVMPD Defendants' motion for summary
9   judgment (Dkt. #85) is GRANTED.

10      IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of all
11  defendants and against plaintiff David Saul Putzer.

12      DATED this 20th day of April, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE